UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IVA HAUKENES,<br><br>        Plaintiff(s),<br><br>  v.<br><br>TRANS UNION LLC, et al.,<br><br>        Defendant(s). | CASE NO. 3:11−cv−05535−BHS<br><br>MINUTE ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT |

NOW, on July 21, 2011, the Court directs the Clerk to enter the following Minute Order:

## I. INITIAL SCHEDULING DATES

Pursuant to the Federal Rules of Civil Procedure, the Court sets the following dates for submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | October 28, 2011 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | November 14, 2011 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16: | November 18, 2011 |

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the

Court with a combined Joint Status Report and Discovery Plan (the "Report"). This conference shall be done by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

    1. A statement of the nature and complexity of the case.

    2. The results of the FRCP 26(f) conference.

    3. A proposed deadline for joining additional parties.

    4. A statement of which ADR method (meditation, arbitration, or other) should be used. The alternatives are described in Local Rule CR 39.1 and in the ADR Reference Guide, which is available from the clerk's office. If the parties believe that there should be no ADR, the reasons for that belief should be stated.

    5. Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place. In most cases, the ADR proceeding should be held within four months after the Report is filed. It may be resumed, if necessary, after the first session.

    6. A proposed discovery plan that indicates:

        (a) The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;

        (b) The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;

        (c) What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations

should be imposed;

(d) A statement of how discovery will be managed so as to minimize expense (e.g., by forgoing or limiting depositions, exchanging documents informally, etc.); and

(e) Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

7. The date by which the remainder of discovery can be completed.

8. Do the parties consent to assignment of this case to a full−time United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local MJR 13 to conduct all proceedings? Agreement in the Joint Status Report will constitute the parties' consent to referral to U.S. Magistrate Judge J. Richard Creatura.

*\*\*If counsel OR pro se parties do consent, each attorney/party MUST sign the document.*

9. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

10. Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i) and (1), and 16.1 should be dispensed with in whole or in part for the sake of economy. *(The court will make the final determination.)*

11. Any other suggestions for shortening or simplifying the case.

12. The date the case will be ready for trial, keeping in mind that this case should be resolved within twelve (12) months of filing of the complaint unless the case is unusually complex.

13. Whether the trial will be jury or non−jury.

14. The total number of trial days required.

15. The dates on which trial counsel may have complications to be

considered in setting a trial date.

16. Whether this case should be considered for designation for trial at the Federal Building in Vancouver, WA. Counsel should note that the courtroom at the Federal Building in Vancouver cannot accommodate a jury trial.

17. If on the due date of the Report, all Defendant(s) or Respondent(s) have not been served, counsel for Plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. SEPARATE REPORTS SHOULD NOT BE FILED.

The time for filing the Report may be extended only by court order. Any request for extension should be made by telephone to Trish Graham at (253) 882–3850.

If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify the Courtroom Deputy, Gretchen Craft, by telephone at (253) 882–3825.

### III. PLAINTIFF'S RESPONSIBILITY

This order is issued at the outset of the case, and a copy is sent to counsel for Plaintiff (or Plaintiff, if pro se) and any Defendants who have appeared. Plaintiff's counsel (or Plaintiff, if pro se) is directed to serve copies of this order on all parties who appear after this order is filed within ten (10) days of receipt of service of each appearance. Plaintiff's counsel (or Plaintiff, if pro se)

will be responsible for starting the communications needed to comply with this order.

### IV. MANDATORY ELECTRONIC FILING

Counsel shall electronically file all documents with the Court. Pro se litigants may file either electronically or in paper form. Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. Assistance is available from the ECF help desk at (800) 323–9293 or (206) 370–8440. Counsel is STRONGLY ENCOURAGED to electronically file all documents with the Court for the following reasons: Electronically filed pleadings are instantly filed, and the Court has instant access to review and consider pleadings. Pleadings filed in paper form have to be labeled, scanned, and then docketed in the Clerk's Office. That can, and likely will, result in a delay of several days before the document is posted on the docket sheet, which will result in a delay before the Court will be able to review and consider the pleading.

### V. EARLY SETTLEMENT CONSIDERATION

Early settlement of cases, before they become costly and time–consuming, is beneficial to all parties and to the Court. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated the following:

> [T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court−connected ADR services be provided as early, effectively, and economically as possible in every suitable case." The steps required by this order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall notify Gretchen Craft by telephone at (253) 882−3825.

## VI. SANCTIONS

A failure by any party to comply fully with this order may result in the imposition of sanctions.

The foregoing Minute Order was authorized by THE HONORABLE BENJAMIN H. SETTLE, UNITED STATES DISTRICT JUDGE.

                                                s/ Trish Graham
                                                Trish Graham
                                                Judicial Assistant