William R. Brown, Esq. (Admitted *Pro Hac Vice*)                    Judge Benjamin H. Settle
Tim D. McKay, Esq. (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Facsimile:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com
            tmckay@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*


George W. Akers, P.S., WSBA #00498
Montgomery Purdue Blankinship & Austin PLLC
5500 Columbia Center
701 Fifth Avenue
Seattle, WA  98104-7096
Telephone:  206-682-7090
Fax:  206-625-9534
E-Mail:  akers@mpba.com

*Local Counsel for Trans Union, LLC*


## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| IVA HAUKENES,<br>                Plaintiff,<br><br>         vs.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC; EXPERIAN INFORMATION<br>SOLUTIONS, INC.; TRANS UNON, LLC;<br>SPRINT NEXTEL CORPORATION; and<br>ENHANCED RECOVERY COMPANY, LLC;<br>                Defendants. | CASE NO. 3:11-cv-05535-BHS<br><br><br>**DEFENDANT TRANS UNION, LLC'S<br>ANSWER TO PLAINTIFF'S<br>COMPLAINT AND AFFIRMATIVE<br>DEFENSES** |

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint And

Affirmative Defenses (the "Complaint") as follows.  For the Court's convenience, Plaintiff's

allegations are set forth verbatim with Trans Union's responses immediately following.

**DEFENDANT TRANS UNION, LLC'S ANSWER**
**TO PLAINTIFF'S COMPLAINT - 1**
**(3:11-cv-05535-BHS)**

1.      Plaintiff Iva Haukenes ("Plaintiff") brings this action against Defendants Equifax Information Services [sic] LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion"), Sprint Nextel Corporation ("Sprint Nextel"), and Enhanced Recovery Company, LLC ("Enhanced Recovery") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, violations of the Washington Consumer Protection Act ("WCPA"), RCW 19.86 *et seq.* , [sic] and defamation.

**ANSWER:**  Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union further states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.      This Court has subject matter jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. §§ 1331 and 1337.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Venue lies in the Western District of Washington as Plaintiff's claims arise from acts of Equifax, Experian, TransUnion, Sprint Nextel and Enhanced Recovery having impact therein.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Plaintiff Iva Haukenes is a resident of Washington State, and a "consumer" as defined in 15 U.S.C. § 1681a(c) of the FCRA.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Equifax is a Georgia Limited Liability Company licensed to do business in Washington State and is subject to the jurisdiction of this Court.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.      Experian is an Ohio corporation licensed to do business in Washington State and is subject to the jurisdiction of this Court.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.      Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) of the FCRA.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.      Sprint Nextel is a Kansas corporation licensed to do business in Washington State and is subject to the jurisdiction of this court.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10.     Sprint Nextel is a "furnisher of credit information" as that term is used in 15 USC §1681s-2.

**DEFENDANT TRANS UNION, LLC'S ANSWER**
**TO PLAINTIFF'S COMPLAINT - 3**
**(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

11.   Enhanced Recovery is a Florida corporation licensed to do business in Washington State and is subject to the jurisdiction of this Court.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12.   Enhanced Recovery is a "furnisher of credit information" as that term is used in 15 USC § 1681s-2.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13.   On August 1, 2005, Plaintiff purchased a Motorola i710 cell phone and cellular service from a Sprint Nextel retail store in Puyallup, WA.  Under Nextel's Service Return Policy, a buyer would have 15 days to terminate the contract without penalty.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.   Following the purchase of her Motorola i710 phone, Plaintiff experienced difficulties with her phone randomly turning off and dropping calls.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.   12 days after her purchase of the phone, on August 12, 2005, Plaintiff returned to the Sprint Nextel store in Puyallup, WA to terminate her contract and return the equipment.

The manager refused to take the phone and equipment back and refused to terminate the contract, in breach of the Service Return Policy. The plaintiff made several other attempts to return the phone and terminate the contract but all efforts were thwarted by Sprint Nextel.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.    In October 2005, the Plaintiff's husband filed a complaint with the Federal Trade Commission ("FTC") on behalf of the Plaintiff and wrote letters to the CEO of Sprint Nextel concerning their cell phone problems.  In the meantime the plaintiff [sic] ported both her phone number and her husband's from Sprint Nextel to Verizon Wireless to cease any further use of the Sprint Nextel service.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.    Instead of responding to the letters from plaintiff [sic] to fix the billing and cell phone problems, Sprint Nextel initiated collection calls and demands for payment. To at least bring her account nominally current and to forestall further harassment, Plaintiff made a payment of $58.21 on October 18, 2005 to compensate for the three months of usage on the Motorola phone for the months of August, September, and October, 2011. However, Sprint Nextel fraudulently assessed subsequent early termination fees totaling approximately $835.92.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 5
(3:11-cv-05535-BHS)

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

18.     Under Sprint Nextel's Subscriber Agreement, included as a term and condition of service, a purported liquidated damages clause requires subscribers to pay early termination penalties if for any reason they seek to terminate service before the expiration of the contract period.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.     The subscriber must pay the early termination penalty even if cancellation is the result of non-existent, poor, or otherwise inadequate service.

**ANSWER:**  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.     The early termination fee is a penalty, and is not a reasonable measure of the anticipated or actual loss, if any, that the termination actually causes Sprint Nextel.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

21.     This termination penalty constitutes an unjust, unconscionable, unlawful, unfair, and deceptive business practice under all applicable statutes and laws.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

22.     Subsequently, Sprint Nextel sent Plaintiff's account to several collection agencies who sent dunning letters, and made collection calls to the plaintiff [sic] for payment.

**DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 6
(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

1

2

3
**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4

5

6

7

8
23.    In December 2005, the plaintiff [sic] hired an attorney to dispute the debt and assist with the harassment from debt collectors. In January 2006 the harassment from Sprint Nextel and debt collectors concerning their debt ceased and the plaintiff [sic] thought the matter was over.

9

10

11
**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12

13

14

15
24.    In December 2008 the plaintiff [sic] discovered that Enhanced Recovery was reporting the Sprint Nextel debt on her Experian, Equifax and Trans Union credit report and it was re-aged from October 2005 to a delinquency in September 2008.

16

17

18

19

20
**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

21

22

23

24
25.    Plaintiff discovered the derogatory marks on her credit when she was denied a car loan with JJ Best in December 2008. She continued to get denials and cancellations of credit soon after.

25

26

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.     To rectify this, the plaintiff [sic] sent a letter to Enhanced Recovery disputing the debt and informing them that the debt with Sprint Nextel was inaccurate.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.     Plaintiff also sent disputes to Experian, Equifax and Trans Union concerning the disputed item reported by Enhanced Recovery.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28.     In December 2008, Equifax sent plaintiff [sic] a letter informing her that they had added a fraud alert to her file.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.     In May 2009, American Express cancelled Plaintiff's credit card due to the Enhanced Recovery mark [sic] even though there was no outstanding balance.

**DEFENDANT TRANS UNION, LLC'S ANSWER**
**TO PLAINTIFF'S COMPLAINT - 8**
**(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**(317) 363-2400 TEL**
**(317) 363-3557 FAX**

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5)

30.   Plaintiff continued to dispute inaccurate credit report information and continued to receive denials of credit through the summer of 2010.  The credit problems almost prevented her from refinancing her home but she was finally able to correct the incorrect information on her credit reports so that she could refinance.

**ANSWER:**   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31.   In October 2009, plaintiff [sic] received notice that she was eligible to be a member of a class action initiated against Sprint Nextel. The class action sought relief from illegally charged Early Termination Fees, levied against buyers who, like the Plaintiff, attempted to terminate their contracts. Plaintiff opted out of the class settlement to bring her own lawsuit.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

32.   Equifax, Experian and Trans Union have each separately prepared and issued consumer credit reports concerning Plaintiff that include inaccurate information concerning a disputed charge originating from Sprint/Nextel and reported by Enhanced Recovery.

DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 9
(3:11-cv-05535-BHS)

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33.     Plaintiff notified Equifax, Experian and Trans Union that she disputed the accuracy of the information they were each reporting on numerous occasions and they continued to report inaccurate information and have failed to conduct a reasonable reinvestigation of plaintiff's [sic] dispute resulting in false account information continuing to be included in plaintiff's [sic] credit reports.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34.     Since Plaintiff's dispute, Equifax, Experian and Trans Union have repeatedly reported derogatory and inaccurate information, relating to Plaintiff and Plaintiff's credit history, to third parties.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

**DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 10
(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**(317) 363-2400 TEL**
**(317) 363-3557 FAX**

35.     As a result of Equifax's, Experian's and Trans Union's separate failures to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, physical injury, denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff sees damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36.     Enhanced Recovery has also failed to furnish accurate information to the Equifax, Experian and Trans Union regarding the inaccuracies on plaintiff's [sic] credit report and conduct a reasonable reinvestigation of plaintiff's [sic] dispute resulting in false information continuing to be on plaintiff's [sic] credit reports.  Enhanced Recovery reported credit information to Equifax, Experian and Trans Union which it knew was false or should have known to be false.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.     Sprint Nextel continued collection of the debt through collection agencies and eventually sold it to Enhanced Recovery when they knew or should have known the debt was invalid. Sprint Nextel was put on notice of the invalidity of the debt by the plaintiff [sic] and they either continued collection or knowingly sold the debt to other collection agencies,

DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 11
(3:11-cv-05535-BHS)

SCHUCKIT & ASSOCIATES, P.C.
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

resulting in economic loss, physical injury, denial of credit, increased cost of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with normal and usual activities.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.    Defendants Equifax, Experian, and TransUnion have violated the WCPA by using unfair and deceptive trade practices, including but not limited to the continued dissemination of untrue private financial information to third parties after such information was correctly disputed by Plaintiff.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39.    Plaintiff requests attorney's fees pursuant to 15 U.S.C. § 168ln(a) and § l68lo(a).

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

40.    Plaintiff requests treble damages for intentional violations of the WCPA, plus attorney fees and costs pursuant to RCW 19.86.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

41.    Defendants Equifax, Experian and TransUnion have defamed Plaintiff by publishing false information regarding Plaintiff to third parties.

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT - 12 (3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### FIRST CLAIM FOR RELIEF

42. Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

43. Defendants Equifax, Trans Union and Experian willfully and/or negligently failed to comply with the requirements of the FCRA in the following ways:

    a.    failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's [sic] credit reports, as required by 15 U.S.C. § 1681e(b); and

    b.    failing to follow the reinvestigation requirements of 15 U.S.C. § 1681i.

**ANSWER:** Trans Union denies the allegations of this paragraph, including its subparts, as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44. As a result of defendants Equifax, Trans Union, and Experian's violations of the FCRA, plaintiff [sic] suffered damages, including denial of credit, lost opportunity to receive credit damage to reputation, worry, fear, distress, frustration, embarrassment and humiliation in

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT - 13 (3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
(317) 363-2400 TEL
(317) 363-3557 FAX

an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.     Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46.     Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## SECOND CLAIM FOR RELIEF

47.     Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

48.     Defendants Enhanced Recovery and Sprint Nextel willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b) and failed to conduct reasonable

**DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 14
(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

reinvestigations of plaintiff's [sic] disputes. As a result, the applicable credit reporting agencies continued to report the false information in plaintiff's [sic] credit reports.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.     As a result of Defendant Enhanced Recovery and Sprint Nextel's violation of the FCRA, plaintiff [sic] suffered damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.     Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681 n(a).

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a

**DEFENDANT TRANS UNION, LLC'S ANSWER**
**TO PLAINTIFF'S COMPLAINT - 15**
**(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**(317) 363-2400 TEL**
**(317) 363-3557 FAX**

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## THIRD CLAIM FOR RELIEF

52.    Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

53.    Plaintiff is an alleged "debtor" within that meaning of 15 U.S.C. § 1692a, although she denies that she owes any amount of the alleged "debt."

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

54.    Defendant Enhanced Recovery is a "debt collector" as that term is used in 15 U.S.C. § 1692a.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

55.    Defendant Enhanced Recovery violated 15 U.S.C. § 1692e(8) by reporting information to the credit reporting agencies which it knew to be false or should have known to be false.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

56.    Defendant Enhanced Recovery violated 15 U.S.C. § 1692e representing that plaintiff [sic] owed amounts that she did not owe.

**DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 16
(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57.    As a result of defendant [sic] Enhanced Recovery's violations of the FCRA, plaintiff [sic] has suffered damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation in an amount to be determined by the jury in addition to statutory damages in an amount to be determined by the Court.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58.    Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1692k.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## FOURTH CLAIM FOR RELIEF

59.    Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

60.    Defendants Equifax, Experian and Trans Union are "Consumer [sic] reporting agencies" within the meaning of the Washington State Consumer Protection Act, RCW 19.86 which incorporates violations of RCW 19.182.010(5).

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT - 17 (3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

61.     This civil action involves a "Consumer Report" within the meaning of RCW 19.182(4).

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

62.     Defendants Experian, Equifax and Trans Union violated the WCPA, RCW 19.86 for actions affecting both the plaintiff's [sic] personal life and business activities by engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce including but not limited to the furnishing of untrue private financial information to third parties after such information was correctly disputed by Plaintiff.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(10)(B), and thus are considered denied or avoided under Rule 8(b)(6).

63.     As a result of Defendants Experian, Equifax and Trans Union's violations of the WCPA, plaintiff [sic] has suffered damages, worry, fear, distress, frustration, embarrassment, and humiliation in an amount to be determined by a jury. Damages also include damages to the plaintiff's [sic] business.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT - 18 (3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
(317) 363-2400 TEL
(317) 363-3557 FAX

64.     Plaintiff requests treble damages for intentional violations of the WCPA, plus attorney fees and costs pursuant to RCW 19.86.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### FIFTH CLAIM FOR RELIEF

65.     Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

66.     Defendant Enhanced Recovery is a "collection agency" within the meaning of the Washington State Consumer Protection Act, RCW 19.86 which incorporates violations of RCW 19.16.250.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

67.     This civil action involves a "claim" within the meaning of RCW 19.16.100(5), though the plaintiff [sic] denies that she owes any part of the alleged debt.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

68.     Defendant Enhanced Recovery violated the WCPA, RCW 19.86 through its violation of various provisions of RCW 19.16 in the following ways:

> a.     Attempting to or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, or threaten to take any action which the debt collector in the regular course of business does

**DEFENDANT TRANS UNION, LLC'S ANSWER**
**TO PLAINTIFF'S COMPLAINT - 19**
**(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

not take in violation of and RCW 19.16.250(15) which violates the WCPA under RCW 19.16.440.

b.        Representing that the existing debt may be increased by the addition of attorney fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt, in violation of RCW 19.16.250(14) which violates the WCPA under RCW 19.16.440.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

69.        As a result of defendant [sic] Enhanced Recovery's violations of the WCPA, plaintiff [sic] has suffered damages, worry, fear, distress, frustration, embarrassment, and humiliation in an amount to be determined by a jury.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

70.        Plaintiff requests treble damages for intentional violations of the WCPA, plus attorney fees and costs pursuant to RCW 19.86.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## SIXTH CLAIM FOR RELIEF

71.        Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT - 20 (3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**(317) 363-2400 TEL**
**(317) 363-3557 FAX**

72.     Defendants Sprint Nextel and Enhanced Recovery violated the WCPA, RCW 19.86 for actions affecting both the plaintiff's [sic] personal life and business activities in the following ways:

a.      Engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce including but not limited to the assessment of unfair and illegal ETF penalties that negatively impacted Plaintiff's credit history and were a direct a proximate cause of Plaintiff's personal and economic injury.

b.      Engaging in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce including but not limited to the continued collection of improperly assessed debts that were not owed and the furnishing of untrue financial information to credit reporting agencies.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

73.     As a result of defendants [sic] Sprint Nextel and Enhanced Recovery's violations of the WCPA, plaintiff [sic] has suffered damages, worry, fear, distress, frustration, embarrassment, and humiliation in an amount to be determined by a jury.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

74.     Plaintiff requests treble damages for intentional violations of the WCPA, plus attorney fees and costs pursuant to RCW 19.86.

**SCHUCKIT & ASSOCIATES, P.C.**
**4545 NORTHWESTERN DRIVE**
**ZIONSVILLE, IN  46077**
**(317) 363-2400 TEL**
**(317) 363-3557 FAX**

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### SEVENTH CLAIM FOR RELIEF

75.    Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

76.    Sprint Nextel, Enhanced Recovery, Equifax, Experian and Trans Union have also defamed Plaintiff by publishing false information regarding Plaintiff to third parties under a Washington State claim of common law defamation.

**ANSWER:**   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.    Plaintiff requests actual and compensatory damages for defamatory statements [sic]

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### EIGHTH CLAIM FOR RELIEF

78.    Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

**ANSWER:**  Trans Union reasserts is answers and responses set forth herein.

79.    Defendant Sprint Nextel willfully failed to comply with the requirements of the Washington State Uniform Commercial Code, RCW 62A.1-203 by:

DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 22
(3:11-cv-05535-BHS)

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

a.      Failing to act in good faith and fair dealing when it deliberately breached the Subscriber Agreement with Plaintiff by refusing to allow Plaintiff to return the equipment and terminate the contract when Plaintiff attempted to do so within 15 days of the purchase of Motorola i710 phone.

b.      Failing to act in good faith dealing when it sent Plaintiff's account to collections even thought the underlying debt was in dispute.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## TRIAL BY JURY DEMANDED

Plaintiff demands trial by jury.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Iva Haukenes prays that the Court grant the following relief against Defendants Equifax, Experian, TransUnion, Sprint Nextel, and Enhanced Recovery:

1.  Actual Damages;

2.  Compensatory Damages:

3.  Statutory Damages;

4.  Punitive Damages;

5.  Attorney Fees and Costs incurred in this action; and

6.  Such other and further relief as the Court may deem just and proper.

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT - 23 (3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.      Plaintiff's claims are barred, in whole or in part, by the equitable theories of estoppel, waiver and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 24
(3:11-cv-05535-BHS)

SCHUCKIT & ASSOCIATES, P.C.
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

SCHUCKIT & ASSOCIATES, P.C.

_s/ Tim D. McKay_
William R. Brown, Esq.
  (Admitted _Pro Hac Vice_)
Tim D. McKay, Esq.
  (Admitted _Pro Hac Vice_)

_Lead Counsel for Trans Union, LLC_

George W. Akers, P.S.
  WA State Bar No. 00498

_Local Counsel for Trans Union, LLC_

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN 46077
(317) 363-2400 TEL
(317) 363-3557 FAX

**DEFENDANT TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT - 25 (3:11-cv-05535-BHS)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **11th day of August, 2011**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Christina Latta Henry, Esq.<br>chenry@seattledebtlaw.com | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **11th day of August, 2011**, properly addressed as follows:

| None. | |
|---|---|

*s/ Tim D. McKay*
William R. Brown, Esq.
  (Admitted *Pro Hac Vice*)
Tim D. McKay, Esq.
  (Admitted *Pro Hac Vice*)

*Counsel for Trans Union, LLC*

**DEFENDANT TRANS UNION, LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT - 26
(3:11-cv-05535-BHS)**

**SCHUCKIT & ASSOCIATES, P.C.**
4545 NORTHWESTERN DRIVE
ZIONSVILLE, IN  46077
(317) 363-2400 TEL
(317) 363-3557 FAX