HONORABLE BENJAMIN H. SETTLE

Pamela M. Andrews, WSBA #14248
Stephen G. Skinner, WSBA #17317
ANDREWS ▪ SKINNER, P.S.
645 Elliott Avenue West, Ste 350
Seattle, WA 98119-3911
Phone: 206-223-9248
Fax:    206-623-9050
Email: Pamela.andrews@andrews-skinner.com
Stephen.skinner@andrews-skinner.com
Attorneys for Defendant Enhanced Recovery Co LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IVA HAUKENES,<br><br>      Plaintiff,<br><br> v.<br><br>TRANS UNION LLC, et al.,<br><br>      Defendants. | Case No. 3:11-cv-05535-BHS<br><br>DEFENDANT ENHANCED RECOVERY COMPANY LLC'S MOTION TO COMPEL<br><br>**NOTE ON MOTION CALENDAR:**<br>**July 13, 2012** |

Defendant Enhanced Recovery Company, LLC ("ERC"), by and through its counsel of record, respectfully request that the Court enter an Order compelling the plaintiff to provide responses to Defendant Enhanced Recovery Company's First Interrogatories and Requests for Production.

### I.  CERTIFICATION

Pursuant to LCR 37(a)(1)(A), ERC certifies that it has, through counsel, attempted to confer in good faith with the plaintiff, through his counsel, in an attempt to resolve the matters that remain

1 in dispute. To date, plaintiff has not responded to ERC's requests for a conference. See Declaration
2 of Pamela M. Andrews.

## II.     FACTS

Plaintiff alleges ERC violated the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Washington Consumer Protection Act, and asserts a common law claim for defamation. On May 14, 2012, counsel for defendant served written discovery on plaintiff's counsel. (See Ex. 1 to Declaration of Stephen G. Skinner.) Plaintiff's responses were due on June 13, 2012. (*Id.*) Plaintiff has not yet responded to the interrogatories or requests for production. (*Id.;* See also Andrews Declaration.)

On June 21, 2012, counsel for ERC sent via email and fax correspondence to Plaintiff's counsel, Nigel Malden, requesting a discovery conference. (See Ex. A to Andrews Declaration.) ERC's counsel attempted to contact Mr. Malden at the time set forth in the June 21, 2012 correspondence, but Mr. Malden was not available. (See Andrews Declaration.) Instead, ERC's counsel spoke with Mr. Malden's legal assistant, Jana Cook, and forwarded to Ms. Cook the correspondence previously sent to Mr. Malden. Ms. Cook acknowledged receipt of the email, copied Mr. Malden, and advised that she also texted Mr. Malden regarding the matter. (*Id.*) As of the close of business on June 22, 2012, Mr. Malden had not responded. Nor has Mr. Malden responded as of the filing of this motion.

Per the Court's scheduling order, the discovery completion date is July 30, 2012.

## III.     ISSUE

Is plaintiff required to respond to defendant's discovery pursuant to Federal Rule of Civil Procedure 33 and 34?

DEFENDANT'S MOTION TO COMPEL [3:11-cv-05535-BHS] - 2

A n d r e w s ▪ S k i n n e r ,  P . S .
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

## IV. ARGUMENT

Federal Rule of Civil Procedure 33 and 34 require the responding party to serve answers and objections within 30 days after being served with the interrogatories and requests for production. Plaintiff has neither responded to the discovery propounded by ERC, nor responded to ERC's efforts to meet and confer regarding Plaintiff's failure to respond.

Federal Rules of Civil Procedure, Rule 37(a)(1), provides "a party may move for an order compelling disclosure or discovery." Rule 37(a)(3)(B) further provides:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>
> * * *
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33, or
>
> (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Rule 37(a)(1) requires a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." ERC has complied with this requirement, as well as the local rules.

## V. CONCLUSION

Plaintiff's failure to respond to ERC's discovery requests or engage in the meet and confer process is not justified. Because ERC is entitled to the information sought, and will be substantially prejudiced if the information and documents are not produced, ERC respectfully requests this Court issue an order directing Plaintiff to respond without objection to the

DEFENDANT'S MOTION TO COMPEL [3:11-cv-05535-BHS] - 3

Andrews▪Skinner, P.S.
645 Elliott Ave. W., Ste. 350
Seattle, WA 98119
Tel: 206-223-9248 ▪ Fax: 206-623-9050

interrogatories propounded by ERC, and directing Plaintiff to respond without objection to the request for production propounded by ERC and produce all responsive documents sought therein not later than July 19, 2012.

A proposed order is attached.

DATED this 28th day of June, 2012, at Seattle, Washington.

ANDREWS ▪ SKINNER, P.S.


/s/ Stephen G. Skinner
PAMELA M. ANDREWS, WSBA #14248
STEPHEN G. SKINNER, WSBA #17317
645 Elliott Avenue West, Suite 350
Seattle, WA 98119-3911
Phone: 206-223-9248 | Fax: 206-623-9050
Email: Pamela.andrews@andrews-skinner.com
Stephen.skinner@andrews-skinner.com
Attorney for Defendant Enhanced Recovery Company LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on 28th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Stephen G. Skinner
PAMELA M. ANDREWS, WSBA #14248
STEPHEN G. SKINNER, WSBA #17317
645 Elliott Avenue West, Suite 350
Seattle, WA 98119-3911
Phone: 206-223-9248 | Fax: 206-623-9050
Email: Pamela.andrews@andrews-skinner.com
Stephen.skinner@andrews-skinner.com
Attorney for Defendant Enhanced Recovery Company LLC