The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IVA HAUKENES,<br><br>  Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, NEXTEL WEST CORP., and ENHANCED RECOVERY COMPANY, LLC,<br><br>  Defendants. | No. 3:11-cv-05535-BHS<br><br>**NEXTEL WEST CORP.'S MOTION FOR PRECLUSION OF EVIDENCE**<br><br>**Note on Motion Calendar:**<br><br>August 10, 2012 |

## I.  INTRODUCTION & RELIEF REQUESTED

Defendant Nextel West Corp. ("Nextel") served Plaintiff with its First Set of Interrogatories ("Interrogatories") nearly nine months ago on October 27, 2011. Nearly nine months have passed and Plaintiff has *still* not answered a single one of the Interrogatories or served any objections. Nextel has been more than accommodating of Plaintiff's requests to extend deadlines – deadlines that Plaintiff has repeatedly blown off.

Now, nine months later, it has become abundantly clear that Plaintiff has refused to participate in discovery and ignored her obligations under the Federal

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 1
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

Rules of Civil Procedure to respond to the Interrogatories. The Federal Rules expressly authorize the Court to sanction such conduct by precluding Plaintiff from offering at trial any of the evidence that she prevented Nextel from discovering.

Accordingly, Nextel requests the Court enter an order pursuant to Fed.R.Civ.P. 37(b) and (c) precluding Plaintiff from presenting at trial any evidence regarding any of the discovery topics contained in the Interrogatories, or from presenting any evidence that would have been disclosed or revealed by Plaintiff's answers had she responded as she was required to do.

## II.  STATEMENT OF FACTS

Nextel served Plaintiff's prior counsel via email with the Interrogatories on October 27, 2011. *See* Declaration of Gavin Skok ("Skok Decl.") (filed herewith), ¶ 2, Ex. A. Plaintiff's answers and objections were due to Nextel no later than November 29, 2011 under the Federal Rules. Plaintiff did not serve them on Nextel on that date. *Id.*

On December 1, 2011, Plaintiff's prior counsel, Christina Latta Henry, told Nextel that it could expect answers to the Interrogatories and responsive documents during the first week of December. *See* Skok Decl., Ex. B. Plaintiff and Ms. Henry did not follow through. *See* Skok Decl., Ex. C.

Instead, Ms. Henry then emailed Nextel's counsel on December 9 and promised she would provide answers and responsive documents to Nextel on Monday, December 12. *See id.* Again, Plaintiff and Ms. Henry broke their promise. *See* Skok Decl., Ex. D.

On December 14, Nextel's requested that Plaintiff serve her discovery responses that day. *See id.* Ms. Henry promised that she would. *See id.* Again, Plaintiff and Ms. Henry did not follow through. Instead, Plaintiff's counsel said she was "waiting for [Plaintiff's] approval to send them to you" and promised she would

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 2
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

send them the next day, December 16. *See* Skok Decl., Ex. E. Despite yet another promise, Nextel did not receive Plaintiff's answers on December 16.

Ever patient, Nextel's counsel emailed Ms. Henry on December 30 asking for discovery responses from Plaintiff by Friday, January, 6, 2012. *See* Skok Decl., Ex. F. Because the responses were now over a month late (and never delivered as promised, despite extensions) Nextel's counsel warned Plaintiff that Nextel may seek the exact relief sought by this motion if no discovery was provided:

> It's been over two weeks since this email, and we haven't received any discovery responses, received any request for further extension, or even heard from plaintiff. We're treating any objections as having been waived, and will be forced to take further action to compel responses, ***deem issues foreclosed, etc.***, if we do not receive full discovery responses by next Friday, January 6.

*Id.* (emphasis added). Ms. Henry responded that Nextel could expect responses by Wednesday, January 4. *See id.*

January 6 came and passed without responses from Plaintiff. Instead, Nextel received yet another email from Ms. Henry promising answers and responsive documents during the week of January 9-13. *See* Skok Decl., Ex. G. After not providing discovery responses that week, Ms. Henry emailed Nextel's counsel on January 13, 2012 and said she planned to at least send unverified interrogatory answers soon. *See* Skok Decl., Ex. H. She did not.

Instead, on January 31, Ms. Henry moved to withdrawal as Plaintiff's counsel. Dkt. No. 52. As the motion was pending, Nextel's counsel again reminded Ms. Henry of Nextel's position that Plaintiff's objections, if any, to the Interrogatories were waived due to not timely responding. *See* Skok Decl., Ex. I. This court granted Ms. Henry's motion to withdrawal on February 28. Dkt. No. 61.

On April 10, Plaintiff retained new counsel, Nigel Malden. Dkt No. 62. In a

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 3
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

June 11, 2012 call with Nextel's counsel, Plaintiff's new counsel stated that Plaintiff had approximately 450 pages of documents to produce, and promised that they would be produced by June 13, along with responses to the Interrogatories. *See* Skok Decl., Ex. J.

Nextel did not receive any of those materials on June 13, but remained patient (and extended professional courtesies to Plaintiff's new counsel) by this time requesting Plaintiff's complete responses to the Discovery Requests by July 6. *See id.*

By July 5, Nextel's counsel had received nothing and again reached out to Mr. Malden. *See* Skok Decl., Ex. K. July 6 came and went without answers to the Interrogatories or responsive documents from Plaintiff. Instead, Mr. Malden promised Nextel would receive the same by July 11. *See* Skok Decl., Ex. L. They were never provided.[1]

Nextel's counsel spoke with Plaintiff's counsel on July 17, 2012. Plaintiff's counsel promised Plaintiff would respond to the Interrogatories and produce documents by July 19, 2012. Plaintiff did not do so, nor did Plaintiff request a further extension. Skok Decl., ¶ 14. To date, Nextel has still not received Plaintiff's answers or objections to the Interrogatories. *Id.* at ¶ 2.

On July 20, Nextel's counsel received a small box with copies of some documents from Plaintiff's counsel with no accompanying cover letter or description. Nor were the documents accompanied by any response to Nextel's document requests – which were also served on October 27, 2011 with the Interrogatories (*see* Skok Decl., Ex. A) – detailing which requests the documents were responsive to, whether other responsive documents would be produced, or

---

[1] Although she has still not responded to Nextel's interrogatories, Plaintiff served responses on July 5, 2012 to interrogatories served by Defendant Enhanced Recovery Service. Skok Decl., ¶ 15.

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 4
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

whether Plaintiff had made a complete production. Skok Decl., ¶ 16. To date, Plaintiff has never served any written response to Nextel's written document requests. *Id.* As a result, Nextel is unable to determine what, if any, document requests Plaintiff has chosen to respond to, whether she has made a complete production, and whether she continues to withhold responsive documents.[2]

### III.   AUTHORITY & ARGUMENT

Fed.R.Civ.P. 37(d)(1)(ii) provides that a court may order sanctions when a party "fails to serve answers, objections, or written response" to interrogatories and requests for production. Sanctions for such failure to respond may include any of those listed under Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi). *See* Fed.R.Civ.P. 37(d)(3). In turn, Rule 37(b)(2)(A) authorizes the Court to enter an order

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> or
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

Fed.R.Civ.P. 37(b)(2)(A)(i)-(ii).[3]

Such remedies are perfectly suited for this case, where Plaintiff has repeatedly and without justification failed to comply with her discovery obligations under the Federal Rules of Civil Procedures for nearly <u>nine</u> months, despite the extension of every courtesy by Nextel. Plaintiff's answers to the Interrogatories were due to Nextel long ago on November 29, 2011. But Plaintiff never

---

[2] Pursuant to Local Rule 37(a)(1)(A), Nextel certifies that it has, through counsel, attempted numerous times to confer in good faith with Plaintiff, through counsel, in an attempt to resolve these matters. Such attempts were unavailing, as described herein. Skok Decl., ¶ 17.

[3] This motion seeks preclusion of evidence and is therefore timely filed in advance of trial.

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 5
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

responded.[4] Instead, Plaintiff has failed to participate in discovery and has completely ignored her obligations under the Federal Rules of Civil Procedure. The preclusion requested by Nextel is abundantly appropriate under these circumstances.

## IV.  CONCLUSION

Based on the foregoing reasons, this Court should enter Order precluding Plaintiff from presenting at trial any evidence or documents regarding any of the discovery topics contained in the Discovery Requests, or from presenting any evidence or documents that would have been disclosed or revealed by Plaintiff's answers, responses, and document production had she responded. A proposed order is submitted herewith.

DATED this 20th day of July, 2012.

RIDDELL WILLIAMS P.S.

By  /s/ Gavin W. Skok
Gavin W. Skok, WSBA #29766
Bryan J. Case, WSBA #41781
Attorneys for Defendant Nextel West Corp.
1001 4th Avenue, Suite 4500
Seattle, Washington 98154-1192
(206) 624-3600
gskok@riddellwilliams.com
bcase@riddellwilliams.com

---

[4] Nor has she ever served written responses to Nextel's document requests, which were also due in late November 2011.

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 6
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

## CERTIFICATE OF SERVICE

I, Jan Sherred, declare as follows:

I am over 18 years of age and a citizen of the United States. I am employed as a legal secretary by the law firm of Riddell Williams P.S.

On the date noted below I electronically filed the foregoing document using the CM/ECF system and caused to be delivered true and accurate copies of the same upon the following:

| Party | Delivery Method |
|---|---|
| *Attorney for Plaintiff*<br>Nigel S. Malden<br>Nigel S. Malden Law, PLLC<br>711 Court A, Suite 114<br>Tacoma, WA 98402<br>Tel: 253 627 0393<br>Fax: 253 573 1209<br>nm@nigelmaldenlaw.com | ☐ U.S. Mail<br>☐ By Facsimile<br>☐ By Messenger<br>☐ By Federal Express<br>☒ Via CM/ECF |
| *Attorneys for Defendant Enhanced Recovery Company, LLC*<br>Pamela M. Andrews<br>Stephen G. Skinner<br>Andrews Skinner, P.S.<br>645 Elliott Avenue West, Suite 350<br>Seattle, WA 98119<br>Pamela.andrews@andrews-skinner.com<br>Stephen.skinner@andrews-skinner.com | ☐ U.S. Mail<br>☐ By Facsimile<br>☐ By Messenger<br>☐ By Federal Express<br>☒ Via CM/ECF |
| *Attorneys for Enhanced Recovery Company LLC*<br>Albert R. Limberg<br>James K. Schultz<br>Sessions Fishman Nathan & Israel LLC<br>1545 Hotel Circle South, Suite 150<br>San Diego, CA 92108<br>alimberg@sessions-law.biz<br>jschultz@sessions-law.biz | ☐ U.S. Mail<br>☐ By Facsimile<br>☐ By Messenger<br>☐ By Federal Express<br>☒ Via CM/ECF |

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 7
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 20th day of July, 2012, at Seattle, WA.

_____
Jan Sherred

NEXTEL'S MOTION FOR PRECLUSION OF EVIDENCE
(No. 3:11-cv-05535 BHS) - 8
4816-0947-5600.01

RIDDELL WILLIAMS P.S.
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600